IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02916-RM-SKC

MARY FLORES, individually and on behalf of E.F., a minor child;
JOEL FLORES, individually and on behalf of E.F., a minor child;
BERTHA CEJA, on behalf of V.S., a minor child;
MARIA CASTANEDA, on behalf of M.F. and J.F., minor children;
B.F., an individual, on behalf of herself and those similarly-situated;
JOHN DOES, 1-150, minor children.

     Plaintiffs,

v.

VICTORY PREPARATORY ACADEMY, a governmental entity;
RON JAJDELSKI, in his individual and official capacities;
JEFF SMITH, in his individual and official capacities;
CAMIL DELACRUZ, in her individual and official capacities;
ROSALIE MONTANO, in her individual and official capacities;
NORMA CLINKINBEARD, in her individual and official capacities;
JEFF REED, in his individual and official capacities;
JAMES SEAY, in his individual and official capacities;
NANCY BROOKS, in her individual and official capacities;
JOHN DOES 1-10, in their individual and official capacities.

     Defendants.

---

### MOTION TO STRIKE PLAINTIFFS' NOTICES OF SUPPLEMENTAL AUTHORITY

---

Defendants move to strike Plaintiffs' Notice of Supplemental Authority in Opposition to Defendants' Motion to Dismiss ("Notice 1", Docket No. 76) and Notice of Supplemental Authority in Support of Motion for Class Certification ("Notice 2", Docket No. 77) (collectively, the "Notices").

<u>D.C.Colo.LCivR 7.1 Certification</u>:  Undersigned counsel certifies that he conferred with Plaintiffs' counsel regarding the basis for this motion and Plaintiffs oppose the relief sought herein.

In the Notices, Plaintiffs request the Court consider as support to their Opposition to Defendants' Motion to Dismiss (Docket No. 25) and Motion for Class Certification (Docket No. 67), a "Notice of Breach" letter (the "Letter") from the Colorado Charter School Institute ("CSI") to Defendant Victory Preparatory Academy ("VPA") that addresses aspects of VPA's withdrawal and suspension policies.  Plaintiffs characterize this Letter as "supplemental legal authority" that supports arguments made by Plaintiffs in response to the Motion to Dismiss and in the Motion for Class Certification.  (Notice 1 at 1; Notice 2 at 2.)  Defendants respectfully request the Court strike the Notices because the Letter: (1) is not "legal authority"; (2) cannot be considered at the motion to dismiss stage; and (3) is irrelevant to the Motion for Class Certification.  Further, the Notices should be stricken because they violate the Court's practice standards by providing supplemental briefing on arguments related to motions that have been fully briefed.

**1.      The Notices Should Be Stricken Because the Letter is Not Legal Authority.**

Plaintiffs incorrectly assert the Letter is "legal authority" and suggest the assertions made in the Letter have the force of law.  Plaintiffs argue that because they did not have the Letter at the time they filed their Opposition to the Motion to Dismiss and Motion for Class Certification, that the Court should consider the Letter and that it is "persuasive legal authority".  (Notice 1 at 3-4; Notice 2 at 4.)  However, the Letter is not "legal authority".

CSI is a state agency that acts as the authorizer of VPA.  Generally, charter schools in Colorado operate under the authorization of school districts or CSI.  *See generally*, C.R.S. § 22-30.5-101 *et seq*.  As an authorizer, CSI is generally tasked with monitoring the operations of its charter schools and the academic achievement of students attending these schools.  C.R.S. § 22-30.5-503(B)(IV).  However, charter schools authorized under school districts or CSI are provided substantial autonomy to pursue innovative programs and educational techniques that are suited to the students served and can operate free from certain statutes and rules governing traditional public schools.  *See, e.g.*, C.R.S. § 22-30.5-102(1) (generally describing purpose of charter schools); § 22-30.5-507(7) (providing that charter schools can operate free from certain statutes and rules governing traditional public schools).

The relationship between CSI and its charter schools, such as VPA, is governed by a negotiated charter contract.  *See generally*, C.R.S. § 22-30.5-508.  At times, disputes arise between CSI and its charter schools, and these disputes are governed by C.R.S. § 22-30.5-107.5, which is required to be incorporated into each charter contract.  C.R.S. § 22-30.5-509(1)(r).  Should a dispute arise between CSI and one of its charter schools that cannot be resolved informally, the matter is submitted to an agreed upon form of alternative dispute resolution culminating in final written findings by a neutral third party.  C.R.S. § 22-30.5-107.5(1)(b).  If the parties do not agree to be bound by the findings, the matter can be submitted to the Colorado State Board of Education.  C.R.S. § 22-30.5-107.5(3)(a).  The decision of the State Board of Education is final and not subject to appeal.  C.R.S. § 22-30.5-107.5(6).

The Letter reflects a dispute between CSI and VPA, and these parties are currently addressing this dispute.  There has been no adjudication of this dispute by a neutral third party or

the State Board of Education.  There have been no findings of fact or law by an adjudicative body.  There has been no opportunity for the parties to present evidence and argument to an adjudicative body.  The Letter merely reflects a dispute between CSI and one of its charter schools concerning aspects of the school's policies.

In sum, the Letter is misrepresented by Plaintiffs as legal authority with the force of law, which it is not.  Defendants respectfully request that the Court strike the Notices.

> **2.  Notice 1 Should Be Stricken Because the Letter Cannot Be Considered at the Motion to Dismiss Stage.**

"At the motion to dismiss stage, courts generally cannot consider evidence outside of the pleadings."  *Froid v. Ditech Fin., LLC*, 2018 WL 835041, at *2 (D. Colo. Feb. 13, 2018).  By requesting the Court consider factual, not legal, material that is outside of the pleading, as supplemental support for their Opposition to the Motion to Dismiss, Plaintiffs are essentially amending their Complaint.  "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss … [and] consideration of a motion to dismiss is limited to the pleadings."  *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *see also In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss.").  Plaintiffs provide no basis for why the Court can or should consider Notice 1 and the Letter as support for their Opposition to the Motion to Dismiss.  Instead, Plaintiffs have simply filed material that is outside of the pleadings and requests the Court consider it to deny a motion to dismiss without providing a legal basis for the request.  Defendants' respectfully request that the Court strike Notice 1 because the Letter should not be considered at the motion to dismiss stage and Notice 1 amounts to an impermissible amendment of the Complaint.

4

3. **Notice 2 Should Be Stricken Because it is Irrelevant to the Motion for Class Certification.**

In their Motion for Class Certification, Plaintiffs seek certification for a class to challenge "policies that facially violate procedural due process requirements". (Mot. for Class Certification at 2.) Defendants oppose this class on grounds that the claim is moot and even if it is not moot, certification is unnecessary for a facial challenge like the one brought by Plaintiffs. (Opp. To Mot. for Class Certification at 14-18.) Notice 2 describes, at length, CSI's assertions that VPA's withdrawal and suspension policies do not provide proper procedural protections under state law. Notice 2 relates solely to the merits of the facial challenge being asserted by Plaintiffs in Claim Five of their Complaint. Notice 2 and the Letter contain nothing relevant to the legal arguments made by Defendants to defeat class certification. Defendants respectfully request that the Court strike Notice 2 and the Letter as they have no bearing on the determination of the Motion for Class Certification.

4. **The Notices Should Be Stricken Because They Provide Briefing in Support of Arguments Related to Motions that Have Been Fully Briefed, in Violation of the Court's Practice Standards.**

Under the Court's practice standards, after motions have been fully briefed, no surreply or further briefing is permitted without leave of court. Civ. Practice Standard IV.D.3. Plaintiffs' Notices do much more than provide notice to the Court of the supposed new "legal authority". Rather, Plaintiffs provide detailed analysis of the Letter and present argument related to how certain portions of the Letter support Plaintiffs' arguments and allegedly undermine Defendants' arguments. Plaintiffs are providing further briefing in support of arguments made related to motions that have been fully briefed in violation of the Court's practice standards, and the Notices should be stricken.

**CONCLUSION**

Plaintiffs submit to the Court, two Notices of Supplemental Authority that provide

briefing in support of arguments related to motions that have been fully briefed, in violation of

the Court's practice standards.  Plaintiffs assert the Letter should be considered by the Court

because it is "persuasive legal authority" but the Letter is not legal authority.  Further, through

Notice 1, Plaintiffs submit to the Court material that cannot be considered at the motion to

dismiss stage and through Notice 2, Plaintiffs submit material that is irrelevant to the applicable

motion.  Defendants respectfully request that the Court strike the Notices.

RESPECTFULLY SUBMITTED this 8th day of July, 2019.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Daniel P. Spivey*

Michael Brent Case
Daniel P. Spivey
1120 Lincoln Street, Suite 1308
Denver, CO  80203
(303) 595-0941
bcase@semplelaw.com
dspivey@semplelaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 8th day of July, 2019, a correct copy of the foregoing was filed and served via CM/ECF to the following:

Iris Halpern, Esq.
Nicholas A. Lutz, Esq.
Matthew J. Cron, Esq.
2701 Lawrence Street, Ste. 100
Denver, CO 80205
ih@rmlawyers.com
nl@rmlawyers.com
mc@rmlawyers.com

By: _____*s/ Elaine Montoya*_____